JEREMIAH FOSTER & al. *versus* FRANCIS LIBBY & Trustees.

Under the statute of April 1, 1836, concerning assignments, where there was an exception, in the assignment, of property not exempted by law from attachment, such assignment was utterly void.

If money comes into the hands of a person wrongfully, as the consideration of real estate supposed to have been conveyed by him to another, when no title passed, he cannot for that cause be chargeable as the trustee of one who had deeded the same estate to him, without consideration, and without passing the title.

Nor would a person be charged as trustee, who had received a deed of real estate without consideration, and who, with the assent of his grantor, had so conveyed it that the title passed to a third person, but being sold upon a credit, no part of the proceeds of the sale had been realized by him at the time of the service upon him.

THE publication of the very voluminous papers in this case,

or of any abstract that could well be made of them, it is believed, would have little tendency to give any better understanding of the points decided.

*J. A. Lowell* argued for the plaintiffs : — and

*Preble* and *Porter*, for the trustees.

The opinion of the Court was drawn up by

WHITMAN C. J. — This action was originated in the District Court, in which the supposed trustees were held chargeable ; and the case is now before us upon exceptions taken to that decision.

It appears that Libby, the defendant, on the third day of September, 1839, made to the supposed trustees, for the benefit of his creditors, an assignment of all his property, with the exception of " his household furniture and stoves ; and excepting also two cows, one horse, and ten sheep, with sufficient to keep them the ensuing fall and winter, one wagon and harness, one sleigh, one saddle, one pew in the Centre Street Church (Machias,) and all the crop of grain, potatoes, and other vegetables now growing or standing on the lands" assigned.

By the statute, passed April 1, 1836, it is provided, " That all assignments made by debtors, in this State, for the benefit of their creditors, shall provide for an equal distribution of all their estate, real and personal, among such of their creditors as," &c. with the single exception of property exempted by law from attachment ; and that no assignment, thereafter made, by any debtor in this State, for the benefit of his creditors, shall be valid, unless the provisions of the act be complied with. These terms are explicit and peremptory, and perfectly intelligible. The exception made, of property exempt by law from attachment, shows that no other exception whatever is admissible. The articles, excepted out of the assignment, are not all so exempted. We cannot therefore hesitate to pronounce, in obedience to the express language of the law, the assignment relied upon to be utterly void.

We are aware that the statute above referred to has been repealed, by a statute passed in 1844, c. 112, but with the proviso, "that this repeal shall not affect assignments already made."

What effect this decision is to have, in reference to this case, we are not yet prepared to determine. We find by the disclosure of the supposed trustees, that, seemingly, a large proportion of the property, intended to have been conveyed, consisted of real estate, the title to which must be deemed to be unaffected by any conveyance, purporting to have been made under the authority of the assignment. Of course, whatever funds are in their hands, which may be ascertained to have been derived from any such source, without any co-operating conveyance directly from the assignor of the same, must be deemed to be improperly obtained, and cannot be considered as goods, effects and credits belonging to him. And if the same real estate was conveyed by him, or by him in conjunction with the assignees, so that the title would pass to the vendee, and the proceeds thereof, at the time of the service of this writ upon the supposed trustees, had not been realized by them, they are not liable therefor in this suit. But if such proceeds had fallen into their hands before that time, it would be otherwise.

For the net amount of what they have realized from the personal estate, if any there be, they must stand chargeable.

The disclosure not having been made with reference to these principles, we cannot determine whether they are chargeable or not. A further disclosure, therefore, will be indispensable, which must contain a full, distinct and clear discrimination of the amount realized, if any there be, from the sales of real estate, before the service of the writ upon them, made by or in direct co-operation with the assignor, Libby, and that realized without such conveyance directly by him ; and setting forth distinctly the net amount in their hands, at said time, arising from the personal estate exclusively, including any dividend, which may have been declared, and then remaining unpaid ;

and also the amount of any sums of money due from Libby to either of said supposed trustees.

*Exceptions sustained.*
*Trustees to answer further.*